UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE, | DOCKET NO.: 25-cv-5724 |
| Plaintiff, | **PETITION FOR REMOVAL** |
| v. | |
| JAMES P. EHRHARD, ESQ., individually and as Partner of ERHARD & ASSOCIATES, P.C., | |
| Defendants. | |

DOMINICK PINTAVALLE, an associate with the law firm of Morrison Mahoney LLP, attorneys for Defendant JAMES P. EHRHARD, ESQ., individually and as Partner of ERHARD & ASSOCIATES, P.C., hereby submits the following Petition for Removal pursuant to 28 USC § 1446, and Federal Rule of Civil Procedure 11:

1. On or about June 12, 2025, Plaintiff, John Doe, commenced a civil action by filing a Complaint in the Supreme Court of the State of New York, County of Bronx, entitled John Doe v. James P. Ehrhard, esq., individually and as partner of Erhard & Associates, P.C., Index No. 812675/2025E. ("Complaint"), a copy of which is annexed hereto as **Exhibit "A"**.

2. The Complaint alleges that on or about April 17, 2025, Plaintiff, John Doe, was damaged when Defendant knowingly and willfully disclosed confidential details of a Division of Human Rights Complaint in a public bankruptcy filing. *See*, **Exhibit "A"** ¶¶ 10.

3. Plaintiff's Complaint does specify the amount of damages they seek in the action. Plaintiff's Complaint seeks damages in the amount of $750,000, including $250,000 in compensatory damages, $250,000 for reputational and consequential losses, and $250,000 in punitive damages. *See*, **Exhibit "A"** ¶¶ 4.

1

4. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice is being filed with the Court within thirty (30) days of Defendant JAMES P. EHRHARD, ESQ., individually and as Partner of ERHARD & ASSOCIATES, P.C.'s receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable," which, in this case, was the Plaintiff's Complaint. *See*, **Exhibit "A"** ¶¶ 4.

5. This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendants, and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as described below.

6. In this action, Plaintiff has named James P. Ehrhard, Esq., individually and as partner of Erhard & Associates, P.C., as the sole Defendant.

7. Plaintiff, John Doe, resides in the State of New York, is a physician licensed in multiple states, and maintains a principal place of business in the State of New York. *See*, **Exhibit "A"** ¶¶ 6, 7.

8. For diversity purposes, Plaintiff John Doe is a citizen of the State of New York.

9. Defendant James P. Ehrhard, Esq. resides in the State of Massachusetts, is an attorney licensed in the State of Massachusetts, and operates Ehrhard & Associates, P.C. which is located at 370 Main Street, Worcester, Massachusetts 01608. *See*, **Exhibit "A"** ¶¶ 8.

10. For diversity purposes, Defendant JAMES P. EHRHARD, ESQ., individually and as Partner of ERHARD & ASSOCIATES, P.C. is a citizen of Massachusetts.  Mr. Ehrhard is not a citizen of the State of New York.

11. By way of the foregoing, there is complete diversity of citizenship between the

parties pursuant to 28 U.S.C. § 1332 and the accompanying Notice is timely pursuant to 28 U.S.C. § 1446.

12. Under 28 U.S.C. § 1446(b), a defendant has thirty days to remove a case from state court based on diversity jurisdiction after receiving a copy of the initial pleadings. However, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." With respect to the amount of controversy requirement, the Second Circuit has specifically held that "the removal clock does not start to run until the plaintiff serves the defendant with papers that explicitly specifies the amount of monetary damages sought." Salinas v. Mirfakhraie, 2012 WL 3642419 at *1 (SDNY, 2012), *quoting* Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010).

13. As Plaintiff filed the Complaint on June 12, 2025, which sought damages in the amount of $750,000, including $250,000 in compensatory damages, $250,000 for reputational and consequential losses, and $250,000 in punitive damages, and that this case is subject to removal, Defendant now makes this Petition and such Petition is timely and proper. *See*, **Exhibit "A"** ¶¶ 4.

14. In light of the foregoing, this civil action is removable to this Court pursuant to 28 U.S.C. § 1441.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Petition for Removal is being submitted for filing with the Clerk of the Supreme Court, County of Bronx and is being served upon Plaintiff.

16. In filing this Petition for Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction.

17. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Dated: New York, New York
 July 10, 2025

Yours, etc.,

**MORRISON MAHONEY LLP**

*Attorneys for Defendant*

By:_____
Christopher Keenoy (CK7443)

By:_____
Dominick Pintavalle (DP8532)
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
P: (212) 825-1212

TO:

JOHN DOE
Plaintiff, Pro Se
karan@parkavenuemedicine.com