# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF BRONX

---------------------------------------------------------------X

JOHN DOE,

Plaintiff,

VERIFIED COMPLAINT

-against- Index No. PENDING

JAMES P. EHRHARD, ESQ., individually and as Partner of
EHRHARD & ASSOCIATES, P.C.,

Defendant.

---------------------------------------------------------------X

Plaintiff JOHN DOE, by way of Verified Complaint, alleges as follows:

PRELIMINARY STATEMENT

1. This action seeks redress for the unlawful, unethical, and malicious acts of attorney James P. Ehrhard, who published confidential civil rights complaint information including Protected Health Information (PHI), in violation of federal and state privacy laws, court rules, attorney ethics, and in direct retaliation for Plaintiff's participation in a NYS Division of Human Rights (DHR) investigation.

2. Defendant's conduct has caused severe reputational and economic harm to Plaintiff, a board-certified physician and nationally recognized expert witness in state and federal litigation, resulting in exclusion from expert panels, diminished case referrals, and reputational injury in the legal and medical community.

3. Plaintiff brings this Verified Complaint under the pseudonym "JOHN DOE" due to concerns over retaliation and threats arising from the Defendant's conduct.

4. Plaintiff seeks damages in the amount of $750,000, including $250,000 in compensatory damages, $250,000 for reputational and consequential losses, and $250,000 in punitive damages.

JURISDICTION AND VENUE

5. Jurisdiction is proper under CPLR § 301 and § 302.

6. Venue is proper in Bronx County pursuant to CPLR § 503 as the events giving rise to this action occurred in part in the Bronx and because Plaintiff resides or maintains a professional practice there.

**PARTIES**

7. Plaintiff JOHN DOE is a physician licensed in multiple states and a qualified expert witness, maintaining a principal place of business in New York.

8. Defendant JAMES P. EHRHARD is an attorney licensed in Massachusetts and operates Ehrhard & Associates, P.C., with offices located at 370 Main Street, Worcester, MA 01608.

**FACTUAL BACKGROUND**

9. Plaintiff is the subject of a NYS Division of Human Rights (DHR) complaint filed by a former contractor. This matter is ongoing and was filed confidentially as required under NYS Human Rights Law.

10. On or about April 17, 2025, Defendant Ehrhard knowingly and willfully disclosed confidential details of the DHR complaint in a public bankruptcy filing (PACER Dkt. #67, Adversary Proceeding 24-04036-CJP).

11. The document included PHI, allegations under investigation by the NYS DHR, and civil rights-related information that should have been redacted under FRBP Rule 9037 and in compliance with HIPAA.

12. In an email dated April 17, 2025 (Exhibit A), Defendant Ehrhard further admitted to "gossip" and collaboration with another attorney to damage Plaintiff's reputation.

13. As a direct result of this conduct, Plaintiff has experienced a loss of referrals from attorneys, diminished credibility in legal proceedings, and has had to recuse from several matters due to reputational harm.

14. Plaintiff has also incurred legal fees, emotional distress, and economic harm stemming from the Defendant's publication of this information.

**FIRST CAUSE OF ACTION – DEFAMATION PER SE**

15. Plaintiff repeats and realleges paragraphs 1–14 as if fully set forth herein.

16. Defendant knowingly published false, damaging, and stigmatizing allegations against Plaintiff in a public court filing.

17. The defamatory statements impute professional misconduct and moral turpitude, harming Plaintiff's profession and standing.

18. Damages are presumed under defamation per se doctrine. See *Doctor's Data Inc. v. Barrett*, 170 F. Supp. 3d 1087 (N.D. Ill. 2016).

## SECOND CAUSE OF ACTION – VIOLATION OF HIPAA / PRIVACY LAWS

19. Defendant knowingly and recklessly disseminated PHI in public filings.

20. This constitutes a violation of HIPAA standards and FRBP Rule 9037.

21. See *Schweitzer v. Department of Veterans Affairs*, 23 Vet. App. 366 (2010) – disclosure of sensitive medical information without consent found unlawful.

## THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. Defendant's conduct was extreme and outrageous.

23. Plaintiff has suffered embarrassment, anxiety, and loss of professional standing.

24. Defendant acted with knowledge of Plaintiff's professional status and the likely consequences of publicizing false and confidential material.

## FOURTH CAUSE OF ACTION – VIOLATION OF NY JUDICIARY LAW § 487

25. Defendant engaged in deceit and collusion with intent to deceive both the court and parties.

26. See *Republic Tobacco Co. v. North Atlantic Trading Co.*, 381 F.3d 717 (7th Cir. 2004) – malicious litigation conduct supports damages.

## FIFTH CAUSE OF ACTION – BREACH OF DUTY UNDER ATTORNEY ETHICS CODES

27. Defendant's conduct violated the Massachusetts Rules of Professional Conduct, Rule 4.4 (Respect for Rights of Third Persons), Rule 3.3 (Candor to the Tribunal), and Rule 8.4 (Misconduct).

28. Defendant also violated NY Rules of Professional Conduct Rule 1.6 (Confidentiality) and Rule 8.4 (Misconduct).

29. Defendant's behavior reflects a pattern of weaponizing litigation to retaliate against Plaintiff in a protected civil rights matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award compensatory damages in the amount of $250,000;

(b) Award reputational and consequential damages in the amount of $250,000;

(c) Award punitive damages in the amount of $250,000;

(d) Grant such other and further relief as this Court deems just and proper.

Dated: June 12, 2025
Bronx, New York


Respectfully submitted,

_____
**JOHN DOE**
**Plaintiff, Pro Se**


**VERIFICATION**

I, JOHN DOE, verify that I have read the foregoing Verified Complaint and that the contents thereof are true to my knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters I believe them to be true.

---

**JOHN DOE**

**EXHIBITS**

- **Exhibit A – Email from James Ehrhard dated April 17, 2025**
- **Exhibit B – PACER Docket #67 (Adversary Proceeding 24-04036-CJP)**
- **Exhibit C – Tech-Synergy Letter dated June 2, 2025**
- **Exhibit D – BBB Profile of Ehrhard & Associates, P.C.**