UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KARAN JOHAR, | | |
| | Plaintiff, | 25 Civ. 05724 (JHR) (RWL) |
| -v.- | | ORDER ADOPTING REPORT AND RECOMMENDATION |
| JAMES P. EHRHARD, | | |
| | Defendant. | |

JENNIFER H. REARDEN, District Judge:

Plaintiff Karan Johar, acting *pro se*, brings this action for defamation, violation of the Health Insurance Portability and Accountability Act ("HIPAA"), intentional infliction of emotional distress, violation of New York Judiciary Law § 487, and breach of attorney ethics codes against Defendant James P. Ehrhard. ECF No. 2-1 (Compl.) ¶¶ 15-29. Before the Court is the Report and Recommendation of Magistrate Judge Robert W. Lehrburger recommending that Defendant's motion to dismiss be granted. ECF No. 47. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Lehrburger's recommendation.

## BACKGROUND

Plaintiff filed his Complaint in New York State Supreme Court, Bronx County, on June 12, 2025. *See generally* Compl. Defendant removed the case to this District on July 11, 2025. ECF No. 2. The Court referred the matter to Judge Lehrburger for general pretrial purposes and for reports and recommendations on dispositive motions. ECF No. 17.

On July 31, 2025, Defendant moved to dismiss for lack of personal jurisdiction or, in the alternative, for improper venue. ECF No. 23-8. Plaintiff filed his opposition to the motion to dismiss on August 6, 2025, ECF No. 29, and Defendant replied on August 12, 2025, ECF No.

32.  Plaintiff also moved to remand the case to state court.  ECF No. 7.  That motion was fully

briefed as of August 27, 2025.  *See* ECF Nos. 26, 28, 31, 33, 36-39, 43, and 46.[1]  Given that

Plaintiff filed the instant case anonymously under the pseudonym "John Doe," Judge Lehburger

directed Plaintiff to file a motion seeking leave to proceed under a pseudonym.  ECF No. 16.

Plaintiff filed the motion on July 26, 2025, *see* ECF No. 18, and Defendant opposed the motion

on August 6, 2025, *see* ECF Nos. 25.  Plaintiff did not file a reply.

On December 1, 2025, Judge Lehrburger issued a 24-page consolidated Decision and

Order and Report and Recommendation.  *See* ECF No. 47 (Report and Recommendation).  The

consolidated opinion denied Plaintiff's motions to remand and to proceed under a pseudonym,

pursuant to Judge Lehrburger's authority under Federal Rule of Civil Procedure 72(a), and

recommended that the Court grant Defendant's motion to dismiss.  *See* Report and

Recommendation at 23; Fed. R. Civ. P. 72(a) (permitting a magistrate judge to "issue a written

order stating the decision" on matters "not dispositive of a party's claim or defense").  The

Report and Recommendation notified the parties that they had "fourteen (14) days to file written

objections."  *Id.* at 24.  The Report and Recommendation also cautioned that "**[f]ailure to file

timely objections w[ould] result in a waiver of the right to object and w[ould] preclude

appellate review.**"  *Id.* (emphasis in original).

On December 7, 2025, Plaintiff notified the Court that he was "in the process of retaining

counsel" and requested an extension of the deadline to file objections to January 14, 2026.  ECF

No. 48.  Judge Lehrburger granted the extension, ECF No. 49, and, upon a second request from

Plaintiff, ECF No. 50, further "extend[ed] the deadline for Plaintiff to object . . . to seven days

---

[1] "[I]n addition to his moving and reply papers in support of his motion to remand, Plaintiff []
filed several more 'reply' papers."  ECF No. 45 (Order).  In light of these supplemental
submissions, on August 20, 2025, the Court granted Defendant leave to file a sur-reply.  *See* ECF
Nos. 42, 46.

following Plaintiff's [newly-retained] counsel's admission to practice in this District," ECF No. 52. On January 13, 2026, Plaintiff informed the Court that, "[b]ased on [his] counsel's admission date of January 13, 2026, Plaintiff underst[ood] . . . that the deadline to file objections [wa]s January 20, 2026." ECF No. 53. Plaintiff did not file any objections on January 20.

On January 21, 2026, Plaintiff's counsel submitted a letter entitled "limited clarification regarding disposition language," requesting that, "to the extent the Court adopts the [Report and Recommendation], the dismissal be stated as jurisdictional only and without prejudice." ECF No. 58. Plaintiff's counsel explained that "[t]his submission [wa]s intended only to correct the record on the disposition language and *d[id] not seek reconsideration* of the [Report and Recommendation's] analysis." *Id.* (emphasis added). Accordingly, the Court does not construe this letter as an objection and concludes that no objections have been filed.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of the right to object and . . . preclude appellate review," ECF No. 47 at 24, Plaintiff did not file any objections to the Report and Recommendation.  Thus, Plaintiff waived the right to judicial review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, "finds no clear error" in Judge Lehrburger's "thorough and well-reasoned" Report and Recommendation.  *Sojka v. Mudge*, No. 23 Civ. 3741 (AT) (RFT), 2025 WL 2207377, at *1 (S.D.N.Y. Aug. 4, 2025) (adopting Report and Recommendation that Defendant's motion to dismiss "be granted, without prejudice, for lack of personal jurisdiction").

Accordingly, the Report and Recommendation is adopted in its entirety, and the Court dismisses this action, without prejudice, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: January 27, 2026
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge